NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 18, 2020

Robert M. Adams, Esq.
The Adams Law Firm LLC
46 Elinora Drive
Wanaque, NJ 07465
*Counsel for Plaintiffs*

Walter H. Swaze. III, Esq.
David A. Yavil, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **Hurst v. L.N.K. International, Inc., et al.**
             **Civil Action No. 20-1242 (SDW) (LDW)**

Counsel:

    Before this Court is Defendants L.N.K. International, Inc. ("LNK") and CVS Pharmacy, Inc.'s ("CVS") (collectively, "Defendants") Partial Motion to Dismiss Plaintiffs Brian Hurst, Sharon Hurst ("Sharon"), Ashley Hurst ("Ashley"), and Rachel Hurst's ("Rachel") (collectively, "Plaintiffs") First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' motion.

**DISCUSSION**

A.

    An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.

On or about December 13, 2017, Brian Hurst ("Brian") asked a pharmacist at a CVS retail pharmacy store for an over-the-counter medicine to alleviate his cold symptoms. (D.E. 3-1 ¶¶ 15-17.)  The pharmacist recommended "CVS Health Maximum Strength Sinus Relief Severe Congestion Acetaminophen Caplets, 20 CT" (the "Drug"), which Brian purchased. (*Id.* ¶¶ 18-19.) Brian returned home, where he lives with his wife Sharon and their two daughters, Ashley and Rachel, took the Drug, and went to sleep. (*Id.* ¶¶ 1-5, 20.)  Early the next morning, Sharon "was startled out of her sleep by Brian suffering from violent convulsions." (*Id.* ¶ 21.)  Brian "was unresponsive, appeared to be bleeding from his mouth and appeared to have urinated himself." (*Id.* ¶ 22.)  Sharon called her daughters to come help her and all three women feared that Brian was dying, or had, in fact, died. (*Id.* ¶¶ 24-26.)  Brian was taken to the hospital by ambulance and it was later determined that the Drug "had caused Brian to react in the manner he did, and, among other things, suffer a seizure." (*Id.* ¶¶ 27-30.)

On December 13, 2019, Plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Passaic County, alleging products liability, negligence, loss of consortium, and negligent infliction of emotional distress ("NIED") claims against Defendants and seeking punitive damages. (*See generally* D.E. 3-1.)  Defendants removed to this Court on February 5, 2020 and now seek to dismiss Sharon, Ashley, and Rachel's NIED claim as well as the Plaintiffs' demand for punitive damages. (*See* D.E. 3.)

*1. NIED Claim*

Under New Jersey state law, a bystander who observes harm suffered by another may bring an NIED claim if they can show: 1) death or serious physical injury caused by defendant's negligence; 2) a marital or intimate family relationship between the plaintiff and the person injured; 3) observation of the death or injury at the scene of the accident; and 4) resulting severe emotional distress. *Portee v. Jaffee*, 417 A.2d 521, 528 (N.J. 1980); *see also Jablonowska v. Suther,* 948 A.2d 610 (N.J. 2008).  To succeed, the bystander must "observe the kind of result that is associated with the aftermath of an accident, such as bleeding, traumatic injury, and cries of pain . . . when the injury is inflicted or immediately thereafter." *Frame v. Kothari,* 560 A.2d 675, 678 (N.J. 1989); *see also Litwin v. Whirlpool Corp.*, 91 A.3d 1214, 1217–18 (N.J. Super. App. Div. 2014).

Here, Defendants argue that Sharon, Ashley, and Rachel's *Portee* claim fails because they "did not contemporaneously observe the alleged negligence with the resulting injury" because the alleged negligence took place in the pharmacy and Brian was not discovered by his family until the following morning. (D.E. 3 at 4-5.) The delay in time between the recommendation of the drug and Brian's seizures is a lapse in time that precludes a *Portee* claim. *See, e.g.*, *Frame*, 560 A.2d at 678-79 (dismissing *Portee* claim arising from a medical misdiagnosis, noting that because a "diagnosis is an intellectual undertaking . . [h]ours, days, or months may separate a misdiagnosis, the manifestation of the injury to the patient, and the family member's observation of the injury" and [f]urthermore, the observed effect may not be so gruesome or horrifying as to justify the award of a claim for emotional distress to another member of the victim's family"); *Lindenmuth v. Alperin,* 484 *A*.2d 1316 (N.J. Super. Ct. Law Div.1984) (denying *Portee* claim brought by mother whose son died three days after his birth where doctor failed to diagnose an intestinal blockage).[1] As a result, Defendants' motion to dismiss Count Five will be granted.

2. *Punitive Damages*

New Jersey's punitive damages statute, N.J.S.A § 2A:15-5.9-2A:15-5.17 ("PDA"), provides that:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by wanton or willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

N.J.S.A §2A:15-5.12(a). As a result, the PDA limits punitive damages to exceptional cases. *See, e.g.*, *Dong v. Alape*, 824 A.2d 251 (N.J. Super. App. Div. 2003). Plaintiffs' Complaint does not plead any facts that indicate that Defendants acted maliciously or with wanton or willful disregard, therefore, Plaintiffs are not entitled to seek punitive damages.[2]

---

[1] Although Defendants challenge only whether Plaintiffs observed Brian's injury at the scene of the accident, it is not clear that Brian's wife and daughters observed the type of injury intended to be redressed by an NIED claim. *Portee* claims are intended to give relief to those who have witnessed a traumatic accident, the cause of which is negligent conduct "which strikes at the plaintiff's basic emotional security," *Portee*, 417 A.2d at 521. "Recovery for the negligent infliction of emotional distress is meant to cover the observation of shocking events that do not occur in the daily lives of most people." *Frame*, 560 A.2d at 678–79 (citing Note, *Limiting Liability for the Negligent Infliction of Emotional Distress: "The Bystander Recovery" Cases,* 54 S. Cal. L. Rev. 847, 871 (1981)). Examples of cases which have satisfied this threshold have involved the observance of a child's death after being struck by a bus, *Mercado v. Transport of New Jersey,* 422 A.2d 800 (N.J. Super. Ct. Law Div. 1980), the immediate convulsions and death of a child after the improper administration of fluids via a catheter, *Polikoff v. Calabro,* 506 A.2d 1285 (N.J. Super. Ct. App. Div. 1986), and the stillbirth of a child due to medical malpractice, *Giardina v. Bennett,* 545 A.2d 139 (N.J. 1988). While certainly troubling, it is not clear that the observance of seizures which occur as an adverse reaction to medication is outside of the normal course of human experience.

[2] Plaintiffs' request that they are entitled to discovery to determine "Defendants' minds or thoughts" is unwarranted. Plaintiffs are essentially requesting permission to go on a fishing expedition in the hopes that they will find some basis to support their claim, which at this stage has no factual foundation.

**CONCLUSION**

       Defendants' Motion to Dismiss Count Five of the Complaint as to Plaintiffs Sharon Hurst, Ashley Hurst, and Rachel Hurst is **GRANTED**.  Defendants' Motion to Dismiss Plaintiffs' request for punitive damages is also **GRANTED**.  An appropriate order follows.

                                                    /s/ Susan D. Wigenton  
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties  
        Leda D. Wettre, U.S.M.J.